925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Junior Ray HOSKINS, Plaintiff-Appellant,
v.
CORRECTIONS CABINET COMMONWEALTH OF KENTUCKY, Department of
Human Resources, Defendants-Appellees.
 No. 90-6190.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Junior Ray Hoskins claimed that the conditions of his confinement violate the eighth amendment. He alleged that he is mentally ill and that the care and treatment he receives is inadequate.
 
 
 3
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 4
 First, essential facts are not in dispute. Hoskins has been diagnosed as mentally ill. The record shows that he receives treatment in the form of prescribed medication and that his condition is monitored and regularly reviewed. Second, defendants are entitled to judgment as a matter of law. Hoskins failed to demonstrate that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). His claim is essentially a disagreement about the course of treatment and is not cognizable under 42 U.S.C. Sec. 1983. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 5
 Additionally, the district court did not abuse its discretion by denying the motion for appointment of counsel.
 
 
 6
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.